from order of Monroe Supreme Court—vacate default judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ CLARENCE P. BILHORN et al., Appellants, v WILLAIM G. FARLOW, JR., et al., Respondents.—Order unanimously reversed, without costs, and motion granted. Memorandum: Plaintiffs seek to amend their complaint a second time. We believe that Special Term's denial of the application was an improvident exercise of discretion. Although the granting of such a motion is within the sound discretion of the court, leave to amend should be freely granted in the absence of a showing of prejudice (CPLR 3025, subd [b]; e.g., *Albany Crane Serv. v Pettibone Mulliken Corp.,* 54 AD2d 794). Plaintiffs state reasonable grounds for amendment and the same basic facts are alleged as in the former complaint (see *Handley v Mirro Aluminum Co.,* 52 AD2d 1029). The proposed amended complaint merely sets forth additional theories based upon those facts (see *Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502; *Cerrato v Crown Co.,* 58 AD2d 721; *Deiso v Mobil Oil Corp.,* 56 AD2d 621; *Gardner v Fyr-Fyter Co.,* 55 AD2d 816; *Watso v City of New York,* 39 AD2d 960; cf. *Yerdon v Baldwinsville Academy,* 39 AD2d 824). Defendants have made no showing of prejudice, their ability to present a defense at trial will not be affected and there will be no trial delay. Furthermore, that the claims in the proposed amended complaint may have been barred by the Statute of Limitations in a separate action *de novo* does not affect the granting of relief. There is a relation back as long as the original pleading gives the adverse party sufficient notice of the transactions out of which these claims arise (CPLR 203, subd [e]; *Cerrato v Crown Co., supra;* see *Gardner v Fyr-Fyter Co., supra; Owens v Palm Tree Nursing Home,* 50 AD2d 865; *Palmer v New York City Tr. Auth.,* 37 AD2d 766; cf. *Smith v University of Rochester Med. Center,* 32 AD2d 736). The first amended complaint herein does give such notice and, accordingly, plaintiffs' motion should have been granted. (Appeal from order of Monroe Supreme Court—amend complaint.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ PAUL PHILLIPS et al., Appellants, v UNIVERSITY OF ROCHESTER (STRONG MEMORIAL HOSPITAL), Respondent. (Appeal No. 1.)—Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs Paul Phillips and his guardian S. Jack Phillips appeal from an order dismissing their complaint on the merits, a second order reaffirming the prior order, and a judgment dismissing the complaint. The complaint claimed that plaintiff Paul Phillips was injured, while a patient in defendant hospital, due to defendant's negligence. The dismissal was on the ground that plaintiffs unreasonably neglected to proceed in the action by failing to file requested medical malpractice mediation panel papers with the clerk of the Supreme Court in compliance with section 148-a of the Judiciary Law. The record establishes that all pleadings were served in the action, and the bill of particulars, physical examinations, examinations before trial, and depositions were waived. After the initial request for the mediation papers by the clerk, neither the clerk nor defendant's counsel communicated with plaintiffs' attorney with respect to the matter until the notice of motion to dismiss was served. The dismissal should be reversed for the reasons stated in *Rosenburgh v University of Rochester (Strong Mem. Hosp.)* (60 AD2d 756). (Appeal from order and judgment of Monroe Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ PAUL PHILLIPS et al., Appellants, v UNIVERSITY OF ROCHESTER

(STRONG MEMORIAL HOSPITAL), Respondent. (Appeal No. 2.)—Appeal dismissed as moot. (Appeal from order of Monroe Supreme Court—reargue motion.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ ETHEL M. ROSENBURGH, Appellant, v UNIVERSITY OF ROCHESTER (STRONG MEMORIAL HOSPITAL), Respondent.—Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff appeals from an order and judgment dismissing her complaint alleging that while a patient in defendant hospital she was injured as a result of defendant's negligence. It is claimed that the injury occurred when plaintiff fell out of bed due to the premature removal of her restraints and the discharge of her private-duty nurses while she, an 84-year-old woman, was in a disoriented state. The dismissal was on the ground that plaintiff had unreasonably neglected to proceed in the action by failing to file requested medical malpractice mediation papers with the clerk of the Supreme Court of Monroe County in compliance with section 148-a of the Judiciary Law. Plaintiff was injured on April 20, 1972. On March 29, 1973, the action was commenced by service of a summons and complaint. Subsequently, plaintiff filed a note of issue, served a bill of particulars, and participated in examinations before trial and discovery and inspection. The case had not yet reached the Day Calendar when, on September 1, 1974, section 148-a of the Judiciary Law, which requires mediation of medical malpractice cases by a medical malpractice mediation panel prior to trial, became effective. On October 23, 1975, the Supreme Court clerk requested that both parties to the action file with him all materials required under section 148-a of the Judiciary Law so that a medical malpractice panel hearing could be arranged. No further request for the materials was made. Plaintiff's attorney was not alerted to the fact that he had neglected to file the required mediation papers until March 2, 1977, when he received a notice of motion to dismiss for failure to file mediation papers with respect to another negligence case involving the same defendants. The following day, the mediation papers in the instant action were filed with the clerk. On April 7, 1977, the notice of motion to dismiss was served in this action. Plaintiff had proceeded diligently in all matters except the filing of the mediation papers. There is no authority for dismissal, or, for that matter, any sanction for failure to file the papers required by the clerk set forth in the governing statute (Judiciary Law, § 148-a) or the implementing rules established by the Appellate Division, Fourth Department (22 NYCRR Part 1028), although they do contain sanctions for failure to appear at the mediation hearing itself. Plaintiff was not warned by the Supreme Court clerk or anyone else that failure to comply would result in dismissal of the complaint. Under these circumstances, the dismissal was an improvident exercise of discretion. Additionally, defendant did not show that it would be prejudiced if the requested relief were granted. On the other hand, dismissal would deprive plaintiff of her day in court inasmuch as the Statute of Limitations has run. (See *Carron v De Granpre,* 55 AD2d 712; *Moscatiello v Savarese,* 42 AD2d 519; *Moran v Rynar,* 39 AD2d 718.) Although no physician is named as a defendant, the parties have treated this action against a hospital as a medical malpractice action, and defendant has raised no question concerning the applicability of section 148-a of the Judiciary Law, requiring submission to a medical malpractice panel. There is no merit to plaintiff's claim that defendant failed to comply with CPLR 3216 (subd [b], par [3]). The 45-day demand requirement is not a prerequisite of a motion to dismiss for